IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA HARTMAN                      :    CIVIL ACTION
                                  :    NO. 17-3346
         v.                       :
                                  :
NANCY A. BERRYHILL, ACTING        :
COMMISSIONER OF SOCIAL SECURITY   :

                              **O R D E R**

     **AND NOW**, this **28th** day of **February, 2019**, it is hereby

**ORDERED** that:

     (1)  Plaintiff's objections (ECF No. 15) are

**OVERRULED**;[1]

---

[1]     The Court has carefully considered Lisa Hartman's objections to Magistrate Judge Elizabeth T. Hey's Report and Recommendation ("R&R"). There is no need to repeat the history or facts of the case as Judge Hey's R&R adequately relays that information.

     The Court concludes that Judge Hey has correctly and sufficiently addressed Hartman's arguments and objections, and, thus, adopts her R&R. Nonetheless, the Court will address the three issues raised in the objections de novo. Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998).

     a.    Hartman first contends that the ALJ erred in giving some weight to various aspects of the report of consultative examiner Frank Zimba, M.D., but failing to credit his conclusion that Hartman could only stand and walk two hours per workday. While there may be a small amount of evidence in the record that could support Dr. Zimba's conclusion, as described by Judge Hey, there is certainly substantial evidence to support the ALJ's rejection of this limitation, including among Dr. Zimba's own findings. R&R at 19-22; Tr. 21.

     b.    Second, Hartman asserts that the ALJ erred in failing to determine whether she required a hand-held assistive device

to walk. As discussed by Judge Hey, the record does not indicate a medical need for a cane or similar device and, thus, the ALJ properly did not consider the use of one. R&R 27-28. Hartman especially takes issue with Judge Hey's observation that no medical source prescribed such a device. Judge Hey's analysis did not rest only on this observation but also on the medical findings in the record. In any event, Judge Hey was correct to consider this fact. See SSR 96-9p (explaining that for a cane to be medically required, there must be medical documentation establishing the need); Howze v. Barnhart, 53 F. App'x 218, 222 (3d Cir. 2002) (non-precedential).

 c. Third, Hartman argues that the ALJ should not have relied on her reported activities of daily living in assessing her subjective complaints and that the ALJ failed to adequately address her complaint that her medication made her sleepy. Judge Hey also sufficiently dealt with these arguments. Tr. 29-30.

 As Judge Hey indicated, the ALJ relied on significant medical evidence in addition to Hartman's daily activities to weigh the credibility of her statements. R&R 29; Tr. 20-21. Moreover, it was proper for the ALJ to consider Hartman's ability to perform activities of daily living in rendering his credibility finding. See Cunningham v. Comm'r of Soc. Sec., 507 F. App'x 111, 118 (3d Cir. 2012) (non-precedential) ("[I]t is appropriate for an ALJ to consider the number and type of activities in which a claimant engages when assessing his or her residual functional capacity.").

 Finally, as noted by Judge Hey, the ALJ explicitly considered Hartman's alleged medication side effects, even though she did not report any to her treating physicians during the relevant period. R&R 29-30. The ALJ limited her RFC to routine, simple work in order to account for Hartman's allegations of "fogginess" and memory loss. Tr. 19-21. This limitation would also adequately account for occasional sleepiness as well. The Court finds no error in the ALJ's analysis.

 In that the ALJ did not commit a reversible error and his decision is supported by substantial evidence, Hartman's objections must be overruled, the R&R adopted, and the ALJ's

(2) The Court **APPROVES** and **ADOPTS** Magistrate Judge Elizabeth T. Hey's Report and Recommendation (ECF No. 14);

(3) Plaintiff's request for review (ECF No. 10) is **DENIED**; and

(4) The Clerk of Court shall mark this case as **CLOSED**.

**AND IT IS SO ORDERED.**

                                  **/s/ Eduardo C. Robreno**
                                  **EDUARDO C. ROBRENO, J.**

---

decision affirmed.